## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEVON A. PITTER | : |
|    Petitioner | : |
| v | :  Civil Action No. WMN-06-681 |
| RICHARD CATERISANO,<br>CHARLES RICCIO, and<br>DOUGLAS C. DEVENYNS | :<br><br>: |
|    Respondents | : |

o0o

### MEMORANDUM

The above-captioned Petition for Writ of Habeas Corpus, filed March 14, 2006, alleges that Petitioner's October 23, 2004, guilty plea to charges of fourth degree sex offense was involuntary because he was not informed of the consequences to his immigration status. Paper No. 1. The petition challenges the legality of his criminal conviction as well as the decision finding him removable. *Id*.

Petitioner pled guilty to two counts of fourth degree sex offense involving a 15 year old girl. At the time of the offense, Petitioner was 34 years old[1]. On October 23, 2003, upon accepting his guilty plea, the Circuit Court for Carroll County imposed two consecutive one year terms of incarceration. Petitioner was required to serve 2 weeks and 6 days of the sentence; the remaining portion was suspended. *See* Paper No. 4 at Ex. B.

On August 5, 2004, Petitioner was served with a Notice to Appear by Immigration and Customs Enforcement ("ICE") which charged him with being removable as an alien convicted

---

[1] Md. Crim. Law, Code Ann. § 3-308 prohibits engaging in sexual contact with a person who is 14 or 15 years old when the perpetrator is at least four years older than the victim.

of an aggravated felony, sexual abuse of a minor,[2] a crime involving moral turpitude committed within five years of admission for which a sentence of one year or longer was imposed,[3] and a crime of domestic violence.[4]  *See* Paper No. 4 at Ex. C.  A hearing was held on August 17, 2004, wherein Petitioner through counsel admitted all factual allegations contained in the Notice to Appear and admitted that he was removable as an alien convicted of sexual abuse of a minor.  *Id*. at Ex. D.  The Immigration Judge found Petitioner removable as an alien convicted of sexual abuse of a minor and ordered his removal to Jamaica.  *Id*.

Although Petitioner waived his right to appeal the Immigration Judge's Order of removal, he filed an appeal of the decision with the Board of Immigration Appeals (BIA) on September 6, 2004.  *See Pitter v. United States Immigration Customs and Enforcement*, Civil Action No. WMN-05-665 at Paper No. 4 at Ex. E.  On January 3, 2005, Petitioner through counsel filed a motion to administratively close the appeal and to stay his removal to Jamaica.  *Id*. at Ex. F.  The BIA dismissed the appeal on February 7, 2005.  *Id*. at Ex. G.  The instant petition followed.

Petitioner alleges that his conviction should not qualify as an aggravated felony because it involved no violence and the victim was not hurt.  Paper No. 1.  In addition he claims that his counsel at the removal proceeding was ineffective and that trial counsel during his criminal trial was also ineffective.  *Id*.  He appears to claim that because the victim was 15 years old there was insufficient evidence to support a conviction for fourth degree sex offense and that he did not understand the guilty plea proceedings in his criminal case.  Paper No. 5.

---

[2] *See* INA §101(a)(43)(A) and 8 U.S.C. § 1101(a)(43)(A).

[3] *See* INA § 237(a)(2)(A)(i) and 8 U.S.C. § 1227(a)(2)(A)(i).

[4] *See* INA § 237(a)(2)(E)(i) and 8 U.S.C. § 1227(a)(2)(E)(i).

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the validity of a state criminal conviction may only be filed by a person who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). Petitioner is not currently in custody for his criminal conviction.[5] Rather, he is currently in custody for purposes of insuring his removal to Jamaica pursuant to a final order of deportation. *See* Paper No. 1 at p. 13. Accordingly, this court does not have jurisdiction to consider Petitioner's claims regarding the validity of his criminal conviction.

To the extent that Petitioner is attempting to challenge the validity of the removal order, this court is without jurisdiction to consider the allegation. On May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is the Real ID Act of 2005 or "RIDA." Section 106(a) of the new law states: "a petition for review filed with an appropriate court of appeals .... *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this Act"(emphasis added).[6]  Section 106 divests the district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Further, § 106(c) of the Act provides:

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the

---

[5] Petitioner's sentence expired in October of 2005.

[6] This provision is codified at Immigration and Naturalization Act, § 242(a)(5), 8 U.S.C. §1252(a)(5).

order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed ....

This Court has consistently concluded that RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. Consequently, to the extent that Petitioner wishes to raise a challenge to his order of removal, RIDA undoubtedly divests this court of subject matter jurisdiction to review that challenge.

Accordingly, this Petition, raising a question of law directly related to the legality of Petitioner's order of removal, shall be transferred to the United States Court of Appeals for the Fourth Circuit .  A separate Order follows.


/S/

   3/23/06                          _____
Date                                William M. Nickerson
                                    Senior United States District Judge